CHARLES E. SMITH v. ROBERT D. WHITTLESEY ET AL.

1. SUMMONS NOT NECESSARY TO SERVICE BY PUBLICATION.

In order to properly begin an action, it is necessary to file a petition, and, if the defendant is within the jurisdiction of the court, to have a summons issued, but if, at the time of the filing of the petition, it be known that the defendant is beyond the jurisdiction of the court, issuing a summons, to be returned "not served," would be an idle ceremony and is not required before service can be made by publication under sec. 5048, Rev. Stat.

2. SECTION 5054, REV. STAT., RELATES TO CASES OF JOINT LIABILITY.

Section 5054, Rev. Stat., relating to service of summons in actions upon joint contracts, where some of the defendants are within and some are beyond jurisdiction of the court, and requiring, as to the latter, summons to be returned "not served" before service can be made by publication, is not applicable to case at bar, for the construction of a will, or to ordinary actions against defendants severally liable, inasmuch as that section governs the termination of the action against defendants served rather than the manner of its commencement.

ERROR to the Court of Common Pleas of Lucas County.

KING, J. (orally).

In this cause a petition was filed in the court of common pleas, for the purpose of securing the construction of a will, referred to in the petition.

Many persons were made defendants, and with the petition was filed a precipe for the issuing of a summons, for certain of these defendants names, but the name of the plaintiff in error, Charles E. Smith, was not included in that precipe, and perhaps the name of one or two others of the defendants. There was, however, filed with the petition, and attached to it, the affidavit of the plaintiff below, Robert D. Whittlesey, who verified the petition in accordance with the statute, and further made oath that the defendant Charles E. Smith and certain others of the de-

fendants named in the affidavit, "are non-residents of the state of Ohio, and that service of process of summons cannot be made upon them within this state; that the action is one of the actions provided for in sec. 5048, Rev. Stat., where service may be had, and plaintiff desires to make service upon said defendants by publication of notice." Thereupon, a notice in proper form was duly published for the requisite length of time for these named defendants, among them Charles E. Smith, the plaintiff in error; and after the completion of the publication of this notice and the expiration of the time allowed by statute for answer, there was a judgment entered in the action by default. There were several orders taken, but none of the defendants answered or made any contest by answer in the case. The court found that all of the defendants, excepting those for whom notice was published, were duly served with sum-·mons, and it found that a legal publication of notice to the other named defendants had been made; that the plaintiff appeared in person, certain of the defendants also in person and certain of them by attorney. The case came on to be heard, and the court found that the allegations of the plaintiff's petition were in all respects true, and the plaintiff was entitled to a construction of the will; and then the judgment proceeds to make a construction of this will.

Plaintiff in error did not appear, otherwise than as appears by this judgment, but, after judgment was rendered, he filed a petition in error in this court. The judgment was rendered on December 24, 1898, and the petition was filed in this court on January 30, 1899.

The claim here made is, that this judgment is irregular and should be set aside, and reversed, because no summons was ever issued for him, and that before the plaintiff could procure service by publication, it was necessary that a summons be issued for the defendants. It is conceded that the action is a proper one for the publication of notice for non-resident defendants. Sec. 5048 Rev. Stat., provides that:

"Service may be had by publication * * * in actions to establish or set aside a will, and in actions authorized by sec. 6202 of the Revised Statutes, when a defendant resides out of the state, or his residence can not be ascertained."

Sec. 6202, Rev. Stat., is a section which authorizes certain persons to maintain actions to have the court give instructions respecting the trust, estate or property to be administered, etc.

It is argued here with considerable ability and ingenuity, that before any party can be brought into court by the publication of a notice, such as the statute authorizes, as a basis for that, there must be a pending action, or an action commenced in court, and that such action is not commenced until a summons is issued; that it is necessary in order to publish a notice that the summons issue, and also that it be returned by the proper officer, indorsed that the defendant could not be found.

There is no statute of the state of Ohio requiring that to be done, in so many words, and it is necessary, in order to make that argument out, to infer it from certain provisions in the statute. The section most relied upon, and perhaps the only one relied upon, is sec. 5035, Rev. Stat. It is the first section of subdivision 1, chapter 6, that part of the Revised Statutes relating to the code of civil procedure, and is entitled "How a Civil Action is Commenced."

"Sec. 5035. A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.

Smith v. Whittlesey.

"Sec. 5036. The plaintiff shall also file with the clerk of the court a precipe, stating therein the names of the parties to the action, and demanding that a summons issue."

It is claimed that this must be done before service upon defendant can be obtained. Those that are found will be of course served, and the names of those that are not found will be so returned, in order, as a matter of procedure under sec. 5048, Rev. Stat., to obtain a constructive service upon the defendant. Certain other sections will have a little bearing upon this question. In the chapter relating to the limitation of actions it is provided, sec. 4987 Rev. Stat., that:

"An action shall be deemed commenced wihin the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or co-defendant, who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made."

Then we have 5035, Rev. Stat., that I have already read.

"Sec. 5055. When the summons has been served, or publication made, the action is pending, so as to charge third persons with notice of its pendency; and while pending, no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title."

Following sec. 5035, Rev. Stat., are the sections which provide how the summons shall issue; how it shall be served and returned, and upon whom it shall be served. In 5035, Rev. Stat., is provided by several paragraphs, the cases in which a service by publication may be made. In 5049, Rev. Stat., is provided that:

"Before service by publication can be male, an affidavit must be filed that service of a summons cannot be made within this state on the defendant to be served by publication, and that the case is one of those mentioned in the preceding section; and when such affidavit is filed, the party may proceed to make service by publication."

And then, that the publication shall be for six consecutive weeks. In addition to that I may say that sec. 5043, Rev. Stat., provides that "an acknowledgement on the back of the summons or petition by the party sued, or the voluntary appearance of the defendant, is equivalent to service."

In addition to that, we are cited to one or two cases in Ohio. In Seibert v. Switzer, 35 Ohio St., 661, it is claimed that there is authority for the position maintained by counsel for plaintiff in error. The syllabus of that case, or that which is pertinent, is as follows:

"An attachment, under the civil code, is an auxiliary proceeding in an action, which may be sued out by the plaintiff, at or after the commencement of such action, by filing a petition and causing a summons to issue thereon."

That is in accordance with the provisions of the statute, which provides that an attachment may issue in an action at or after the commencement thereof. Therefore, in order to secure such attachment, an affidavit, must be filed, setting forth the grounds of attachment. In the case there decided the affidavit was filed in proper form at 11 o'clock A. M., of a certain day, a bond was given and accepted and approved by the clerk, and the writ of attachment was issued to the sheriff and by him levied upon certain property, but no petition was filed until 6 o'clock P. M. of the same day. It was held, that the attachment was issued without authority of law, and as against other attaching creditors gave no priority. It requires no ar-

gument, to show the ground upon which the court decided that case. It is too plain to need discussion. An affidavit filed without a petition, writ issued upon the affidavit alone, and served upon the property, the Supreme Court hold, is no levy upon the property. It is true, they say, that the attachment can be procured at or after the commencement of the action, by filing a petition and causing a summons to issue thereon. That latter paragraph was inserted, for what reason I do not know, but the question whether a summons was necessary to be issued was not raised in that case. It does not appear, from the facts of the case, so far as they are discussed, that it would have been necessary to serve a summons, or that one was served. Neither was the question discussed whether it would be necessary to issue such a summons, where the attachment was procured on the ground of the non-residents of the defendant.

Going back, then, to these statutes, and from them, undertaking to determine what is necessary in order to begin an action properly, we are of opinion that it is necessary to file a petition, and it is necessary to have a summons issued to bring in the defendant, if he be within the jurisdiction of the court where he may be served. But, if at the time of the filing of the petition it is known that the defendant is beyond the jurisdiction of the court, the issuing of a summons would be an idle ceremony. We cannot contrue these statutes to the effect that it is necessary to go through that idle ceremony, before service can be had upon he defendant and be brought into court by the other statutory method to-wit: by publication. The object of issuing the summons is not that the action may be commenced. It had no relation whatever to that. It is one of the steps for bringing the defendant into court. To issue a summons is for the purpose, certainly, of notifying the defendant; to serve him in a certain manner, as the statute has pointed out. But, if he is beyond the jurisdiction of the court and cannot be served, that formality is idle. If this is known in advance, it is clear, in our judgment, that a party may file an affidavit in the first instance, with his petition, for the purpose of obtaining service. We think it is then a pending suit. It is a pending action when it has been served upon him, or, if it has been published, it is a pending action.

Bazell v. Belcher, 31 Ohio St., 572, was a case brought under sec. 5054, Rev. Stat., when service has been made on one or more defendants, but not on all, "the plaintiff may proceed then as follows: First, if the action is against defendants jointly indebted upon a contract, he may proceed against the defendant served, unless the court otherwise direct." In Bazell v. Belcher, *supra*, plaintiff brought an action on a joint contract. Some of the defendants lived within the jurisdiction of the court, and some of them without. He caused a summons to be issued against those who lived in, but caused no summons to be issued against those who lived without. They prosecuted error on the ground that the action was not commenced. The court held that it was not; the court held that it was necessary or him to have the summons indorsed "not served, then the plaintiff may proceed against those who are served omitting those who are not served; because, on such joint contract as that, no service whatever could be made upon those who were absent by publication, so as to bind them upon a personal judgment.

For the reasons I have discussed, the judgment will be affirmed.

*H. Van Campen, Jr.,* for plaintiff in error.

*W. S. Thurstin,* for defendants in error.